IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LISA LALOR | * |
|     Plaintiff | * |
| v. | *   Civil Action No.: CJC-24-2301 |
| WALMART, INC. | * |
|     Defendant. | * |

**MEMORANDUM OPINION**

In March 2024, Plaintiff Lisa Lalor ("Plaintiff") broke her pinky finger while shopping at a Carroll Island Walmart Store in Middle River, Maryland. Plaintiff later filed suit against Defendant Walmart, Inc. ("Walmart") in Baltimore County Circuit Court, alleging that a Walmart employee acted negligently and caused her injury, and that Walmart was responsible for such negligence under the doctrine of respondeat superior liability. Walmart removed Plaintiff's lawsuit to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Now pending is Walmart's Motion for Summary Judgment. ECF No. 18. The motion is fully briefed and no hearing is necessary. Loc. R. 105.6

For the reasons explained below, the Court concludes that Plaintiff has failed to establish a genuine dispute of material fact that Walmart breached its duty of care owed to Plaintiff. Accordingly, Walmart's Motion for Summary Judgment is granted.

**I.    FACTUAL BACKGROUND**

The facts set out herein are drawn from the only evidence put forth by the parties in their summary judgment briefing—Plaintiff's own deposition testimony. *See* ECF Nos. 18-2, 19-1.

1

Walmart seizes on this testimony to argue the absence of material disputed facts, while Plaintiff relies on the same to argue that summary judgment is inappropriate due to disputes on key factual issues. As explained further below, the factual disputes upon which Plaintiff relies to defeat Walmart's motion are not "genuine" for purposes of summary judgment. The Court must consider all facts and draw all reasonable inferences in favor of Plaintiff as the non-moving party, and sets out the factual recitation with this standard in mind. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

Plaintiff's negligence claim arises from an incident that took place on March 8, 2024. Pl.'s Opp'n Ex. 1, ECF No. 19-1 ("Lalor Dep.") at 29:12–16.[1] On that date, Plaintiff went to the Carroll Island Walmart store in Baltimore County, Maryland to purchase arts and crafts supplies. Lalor Dep. 31:1–9. Plaintiff retrieved a shopping cart to carry the items she intended to purchase. *Id.* 30:13–15. Plaintiff went to the crafts aisle, which was perpendicular to the back wall of the store and a set of swinging double doors that led to an employee storage area. *Id.* 38:3–17; Def.'s Ex. 2, ECF No. 18-3.[2] Plaintiff stood facing away from the double doors while in the crafts aisle. Lalor Dep. 39:8–11. Plaintiff selected some craft items from the shelf and placed them in the cart but dropped one item on the floor and bent down to retrieve it. *Id.* 43:17–44:4. Around that same time, a Walmart employee emerged from the double doors at the rear of the store pulling a stocking cart stacked with tennis shoes. *Id.* 44:5–6; 48:8–49:18.

Plaintiff testified that there were a total of three individuals in the crafts aisle at the time of the incident: (1) Plaintiff; (2) another Walmart employee with a ladder cart, who was directly across

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document, except that page numbers of exhibits that are deposition transcripts refer to the page and line number of the deposition transcript.

[2] This exhibit, which Walmart attached to its Motion for Summary Judgment, is Plaintiff's rendering of the area where the incident occurred. Plaintiff created this drawing during her deposition.

from Plaintiff; and (3) the Walmart employee pulling the stocking cart. *Id.* 41:12–42:16; 51:11–52:7. Plaintiff explained that the aisle was wide enough to accommodate all three people, but that it was "very congested," *id.* 51:11–52:7, so Plaintiff was forced to move her cart aside to make more room for the employee pulling the cart, *id.* 52:8–53:22. Plaintiff gripped the wire mesh of the shopping cart to move it toward the shelf and broke her left pinkie finger in the process. *Id.* 56:4–58:1; 86:16–22.

Neither the Walmart employee pulling the stocking cart, nor the cart itself ever came into contact with Plaintiff. *Id.* 53:10–13.

## II.     LEGAL STANDARD

Summary judgment motion practice "is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an

"'affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citing *Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)); *see Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive").

As noted above, the Court must consider the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott*, 550 U.S. at 378. The Court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569–70 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

### III.     DISCUSSION

As noted above, the parties rely on the same evidence, Plaintiff's deposition testimony, in support of their arguments. It does not appear that any other witnesses to the incident—neither the Walmart employee pulling the stocking cart, nor the employee standing in the aisle across from Plaintiff—were ever deposed. Walmart contends that Plaintiff cannot establish a *prima facie* claim of negligence under Maryland law because there is no evidence that its employee breached the

duty owed to Plaintiff. *See generally* ECF No. 18. Specifically, Walmart argues that Plaintiff has not set forth any evidence: (1) that the employee failed to keep a proper lookout while traversing down the aisle, (2) that the employee failed to maintain proper control of the cart, (3) that the employee pulled the cart too quickly, or (4) that the employee pulled the cart too closely to Plaintiff. Def.'s Mot., ECF No. 18-1 at 6–9. Walmart also argues that Plaintiff's negligence claim is barred by the doctrines of contributory negligence and assumption of risk because Plaintiff knowingly and voluntarily exposed herself to the risk of injury by interlocking her fingers in the shopping cart's mesh and failed to use ordinary care in moving the shopping cart. *Id*. 12.

Plaintiff, by contrast, argues that genuine disputes of material fact exist regarding the negligent acts of Walmart's employee. Pl.'s Opp'n, ECF No. 19 at 1. Plaintiff alleges that she was forced to move her shopping cart to avoid being struck by the employee who was pushing the stocking cart too quickly and without paying attention. *Id*. Plaintiff contends that this conduct created a foreseeable risk of harm, that expert testimony is not required to assess the reasonableness of the employee's speed, and that physical contact is not necessary to establish negligence. *See generally* ECF No. 19.

Maryland law governs resolution of Plaintiff's negligence claim. In an action brought under a federal court's diversity jurisdiction, the court is to apply the substantive law of the state in which it sits. *Mathis v. Terra Renewal Serv. Inc.*, 69 F.4th 236, 242 (4th Cir. 2023); *Lewis v. Waletzky*, 422 Md. 647, 657 (2011). Under Maryland law, a plaintiff asserting a negligence claim must establish four elements to prevail: duty, breach, injury, and causation. *Horridge v. St. Mary's Cnty. Dep't of Soc. Servs.*, 382 Md. 170, 182 (2004). Specifically, the Plaintiff must prove: "'(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately

resulted from the defendant's breach of the duty.'" *Todd v. Mass Transit Admin.*, 373 Md. 149, 155 (2003) (quoting *Muthukumarana v. Montgomery County*, 370 Md. 447, 486 (2002)).

The elements of duty and harm are not at issue in this case. Walmart does not dispute that it owed a duty of care to Plaintiff as a business invitee. *See* ECF No. 18-1 at 6. A business invitee is defined as "one invited or permitted to enter another's property for purposes related to the landowner's business." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997) (internal citation and quotations omitted). The duty owed to a business invitee is one of "reasonable care for the protection of a business invitee." *Tucker v. KFC Nat. Mgmt. Co.*, 689 F. Supp. 560, 562 (D. Md. 1988), *aff'd*, 872 F.2d 419 (4th Cir. 1989)).

"A storekeeper's duty to use ordinary care to protect business invitees applies 'not only against dangers which may arise from some defect or unsafe condition of the physical property . . . but against dangers which may be caused by negligent acts of his employees, or even of customers, where, as a reasonably prudent person, he should have anticipated the possible occurrence and the probable results of such acts.'" *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636–37 (1994) (quoting *Eyerly v. Baker,* 168 Md. 599, 607 (1935)). A store owner is not an insurer of the safety of its customers, and there is no presumption of negligence on the part of the owner *merely* from the fact that a customer sustained an injury in the owner's store. *Id.* at 636; *Moulden v. Greenbelt Consumer Serv., Inc.*, 239 Md. 229, 232 (1965).

Walmart also does not dispute that Plaintiff suffered an injury. *See* ECF No. 18-1 at 2 (acknowledging that Plaintiff's pinkie finger injury is not in dispute). Accordingly, the Court need not discuss these elements for purposes of its summary judgment decision and will begin its analysis with discussion of whether Walmart's employee breached the duty of reasonable care owed to Plaintiff.

### A. Breach

A defendant storekeeper breaches the duty of reasonable care owed to a business invitee by acting without the "'caution, attention or skill a reasonable person would use under similar circumstances.'" *Alcantar v. Costco Wholesale Corp.*, No. CCB-20-664, 2023 WL 3624731, at *3 (D. Md. May 24, 2023) (quoting *Walker v. Nat'l R.R. Passenger Corp.*, 703 F. Supp. 2d 495, 502 (D. Md. 2010)).

Here, the record is lacking evidence that Walmart, through its employee's actions, failed to exercise ordinary care. Plaintiff's opposition to Walmart's Motion for Summary Judgment is rife with conclusory statements that Walmart's employee acted negligently by pushing the stocking cart "too fast and without paying attention" but Plaintiff's deposition testimony—which Plaintiff attached in its entirety to her brief—belies that conclusion. Pl.'s Opp'n at 1. Viewing the evidence in Plaintiff's favor, there is no rational basis for a jury to conclude that, in moving through the aisle, the Walmart employee acted unreasonably under the circumstances.

The Court accepts Plaintiff's testimony that the employee pulled the stocking cart down the aisle "in a hurry." Lalor Dep. 44:14–15. At several points in her deposition, Plaintiff testified that she believed the employee was traveling too quickly. *See id.* 48:2; 48:14–15; 51:18; 52:18–19; 54:14–15; 65:1; 71:21. But upon further probing during her deposition, Plaintiff admitted that the employee was "walking pretty fast," and "wasn't running," *id.* 64:4–6. In fact, Plaintiff testified that she did not think the employee could run because the employee "was too little to run with all that weight on her, because there were a lot of shoes on that thing, both sides." *Id.* 64:6–9. Plaintiff explained that the stocking cart that the employee was pulling was full of shoes that were "hanging and . . . dangling." *Id.* 64:9–10. Thus, while Plaintiff argues that the employee acted negligently by traveling too quickly, no reasonable juror could reach such a conclusion in light of the record,

which makes plain that the employe walked, not ran, down the aisle while pulling what Plaintiff concedes was a heavy stocking cart loaded with shoes.

Likewise, there is no *genuine* dispute of material fact regarding whether Walmart breached the duty owed to Plaintiff by virtue of the employee's failure to pay attention at the time of the incident. Here, too, Plaintiff's deposition testimony belies the conclusory arguments in Plaintiff's opposition to Walmart's Motion. When Walmart's counsel asked Plaintiff directly whether the employee appeared distracted at the time of the incident, Plaintiff testified that the employee, while appearing to be in a hurry, "was doing her job as much as she possibly could." *Id.* 65:9–16. Plaintiff further acknowledged that the employee was not talking on a cell phone, or any other device at the time of the incident, and was not talking with any customers or employees. *Id.* 64:14–18. Rather, the basis for Plaintiff's argument that the employee failed to pay attention is that the employee was looking ahead as she walked down the aisle and not directly at Plaintiff or anything, or anyone, in the aisle. *Id.* 48:6–10; 66:5–11. Even assuming that the employee did not look at Plaintiff as she traveled through the aisle, Plaintiff lacks sufficient evidence for a jury to return a verdict that the employee acted unreasonably under the circumstances. This is particularly true because Plaintiff admitted in her deposition testimony that the employee "was paying attention to where she had to go." *Id.* 66:8–9. Thus, again, the record evidence demonstrates that the purported dispute of fact regarding whether the employee failed to pay attention is not genuine for summary judgment purposes.

Finally, Plaintiff argues that the Walmart employee breached the duty of care by pulling the cart too closely to Plaintiff. Here, too, Plaintiff's conclusory statement collapses under the weight of the evidence. Plaintiff testified that neither the cart nor the employee touched her at any point. *Id.* 53:10–22. And Plaintiff further acknowledged that the aisle was "very congested" due to

8

another Walmart employee standing directly across Plaintiff on a ladder cart and Plaintiff's own cart occupying the aisle. *Id.* 52:6. Plaintiff testified that the employee "skimmed by [her]" and Plaintiff "felt necessary to move the cart." *Id.* 147:2–7. Plaintiff has failed to set forth any evidence, beyond her own conclusory statement, that the employee acted unreasonably by pulling the stocking cart down a crowded aisle and never making any physical contact with Plaintiff.[3]

Such conclusory arguments and unsupported inferences do not create triable issues of fact and are not sufficient to survive a motion for summary judgment. *See Anderson*, 477 U.S. at 248 (the nonmoving party may not rely upon mere allegations or denials of allegations in pleadings to defeat a motion for summary judgment). Because the record evidence provides no rational basis for a jury to determine that Walmart breached the duty owed to Plaintiff, summary judgment is appropriate. *See Moulden*, 239 Md. at 232 (stating, "[t]he evidence is legally sufficient to warrant submission of a case to the jury if it rises above speculation or conjecture, and so affords the rational basis needed for a determination that the defendant was guilty of negligence which produced the accident."); *accord Deans*, 152 F.3d at 330–31 (affirming district court's grant of summary judgment where plaintiff lacked evidence of negligence and instead based their claim upon speculation and inferences drawn from the record).

### B. Causation

Because the Court finds that there is no genuine dispute of material fact regarding the element of breach, the Court need not reach whether Plaintiff has established that the alleged breach was the proximate cause of her injury. Nor is it necessary for the Court to wade into

---

[3] Furthermore, it is difficult to conceive how a jury could reasonably assess whether the employee's conduct was "too close" for negligence purposes when it is undisputed that there was no physical contact between employee and Plaintiff. Without any objective standard or evidence to define the threshold for "closeness" in this context, such a claim would invite speculation rather than reasoned deliberation.

9

Walmart's arguments that Plaintiff was contributorily negligent and assumed the risk of her own injuries.

In sum, Plaintiff has not presented sufficient evidence to allow a reasonable trier of fact to find in her favor on her negligence claim. As such, there is no genuine issue for trial, and Walmart is entitled to summary judgment. *McGinn v. Broadmead, Inc.*, 759 F. Supp. 3d 649, 670 (D. Md. 2024) (citing *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.")). Accordingly, the Court grants Defendant Walmart's Motion for Summary Judgment. ECF No. 18.

### IV.     CONCLUSION

For the foregoing reasons, it is ORDERED that Walmart's Motion for Summary Judgment (ECF No. 18) is GRANTED. A separate Order follows.

DATED this 24th day of June, 2025

BY THE COURT

_____
Chelsea J. Crawford
United States Magistrate Judge